The Honorable Tom Tatum, II Prosecuting Attorney Fifteenth Judicial District P.O. Box 1599 Danville, Arkansas 72833
Dear Mr. Tatum:
I am writing in response to your request for my opinion on two questions arising from the following factual circumstances:
 The Scott County Election Commission has set new J.P. Districts. These districts have four (4) current members of the Quorum Court running against each other. The Court contends that it is possible to draw these districts without pitting incumbents against one another.
Against this backdrop, you have posed the following two questions:
 1. Can the Scott County Quorum Court bring suit against the Scott County Election Commission or would individual J.P's have to challenge the district?
2. Can Scott County pay for both attorneys?
RESPONSE
For the reasons set forth below, I am unable to answer either of your questions.
Question 1: Can the Scott County Quorum Court bring suit against theScott County Election Commission or would individual J.P's have tochallenge the district?
You are essentially concerned to determine whether and how one county governmental entity — or, perhaps, its individual members — might sue another county governmental entity without violating requirements of procedure and standing applicable in judicial actions. Whatever course the interested parties pursue, any court entertaining the described litigation will in all likelihood be obliged to assess its jurisdictional and procedural propriety. In order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are either pending or appear inevitably bound to be submitted to the courts for resolution. Moreover, insofar as the dispute you describe implicates the private interests of individual aldermen, I am expressly prohibited from rendering an opinion pursuant to A.C.A. § 25-16-701, which prohibits me from engaging in the private practice of law. Accordingly, I must respectfully decline to answer your question.
Question 2: Can Scott County pay for both attorneys?
I am unable to opine on whether the county may permissibly pay all of the attorneys' fees to be incurred by all parties in an as-yet unfiled action whose nature and participants have yet to be determined. Moreover, this question as well may implicate private interests I am unauthorized to address. Accordingly, I must again respectfully decline to answer your question, which I believe would be best addressed by local counsel acquainted with the likely details of the anticipated lawsuit.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh